United States of America,

          Plaintiff,                    **MEMORANDUM OPINION**
                                          **AND ORDER**

      v.                            Criminal Case No. 11-83 ADM/JJG
                                       Civil Case No. 13-2095 ADM

Floyd Lee Henry, Jr.,

          Defendant.

_____

Kimberly A. Svendsen, Esq., United States Attorney's Office, Minneapolis, MN.

Floyd Lee Henry, Jr., pro se.

_____

## I. INTRODUCTION

      This matter is before the undersigned United States District Judge for consideration of Defendant Floyd Lee Henry, Jr.'s ("Henry") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion") [Docket No. 65]. For the reasons set forth below, Henry's motion is denied.

## II. BACKGROUND

      On March 8, 2011, Henry was charged by indictment with two counts of inducing travel to engage in prostitution under 18 U.S.C. § 2422(a). As established at his guilty plea, Henry met a minor, F.P., at a nightclub in Minneapolis. Change of Plea Hr'g Tr. [Docket No. 42] ("Plea Tr.") 20. Along with an associate, Henry invited F.P. to travel to Denver, Colorado, and F.P. agreed. Once in Denver, Henry and his associates instructed F.P. on how to engage in prostitution. They also took photographs of F.P., which at Henry's direction were posted on a website as part of a prostitution advertisement. F.P. subsequently engaged in prostitution, and provided the money she received to Henry. Although Henry does not contest that F.P. was a

minor during this time, he alleges he did not know she was a minor until later.  Id. at 20-22.

On January 6, 2012, Henry pled guilty to the first count of the Indictment [Docket No. 30].  The parties agreed Henry's base offense level was 24 under United States Sentencing Guideline § 2G1.3.  See Plea Agmt. [Docket No. 31] ¶ 6(a).  The offense level was increased by 2 levels because the offense involved the use of a computer to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor.  Id. ¶ 6(b).  The parties further agreed to an additional 2 level increase because the offense involved the commission of a sex act.  Id.  Combined with a 3 level reduction for Henry's acceptance of responsibility, the parties agreed Henry's total offense level should be 25, and that Henry had either a Category III or IV criminal history, depending on the results of his pre-sentence investigation.  Id. ¶¶ (6)d-e. Depending on the outcome of the criminal history determination, Henry faced a guideline range of either 70 to 87 months or 84 to 105 months imprisonment.  Henry agreed to waive his right to appeal his sentence if the Court imposed a term of incarceration at or below 105 months.  Id. ¶ 10.

On March 12, 2012, Henry filed a pro se motion to remove his court appointed counsel. Mot. to Remove [Docket No. 37].  Henry argued his counsel was ineffective because counsel did not sufficiently consult or communicate legal strategy with Henry.  Henry further claimed counsel misled him regarding his possible sentence, and thus "lured" Henry "into pleading guilty with erroneous information."  Id.

On March 29, 2012, the United States Probation Office submitted Henry's Pre-Sentence Investigation Report ("PSR").  The PSR recommended a base offense level of 24, with an increase of 2 levels each because the offense involved: (1) unduly influencing a minor to engage

in prohibited sexual conduct; (2) using a computer to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor; and (3) a commercial sex act. PSR ¶¶ 20-24. The PSR also recommended subtracting 3 levels for Henry's acceptance of responsibility. Id. ¶ 29. However, unlike the Plea Agreement between the parties, the PSR concluded Henry had previously engaged in similar acts of inducing prostitution and thus recommended increasing his offense level by 5 to reflect a pattern of prohibited conduct. Id. ¶ 31. Henry's criminal history, the PSR also concluded, placed him in Category IV. Thus, the PSR calculated a total offense level of 32, with a corresponding sentence of 168 to 210 months, followed by a supervised release period of 5 years to life. Id. ¶¶ 87, 90.

Henry, through counsel, objected to several of the PSR's findings. In relevant part, Henry objected to: (1) the inclusion of past conduct not stated in the plea agreement; (2) the undue influence of a minor enhancement, because Henry did not know F.P. was a minor at the time; (3) the 5 level pattern of conduct enhancement; (4) the inclusion of certain older offenses in his criminal history because it increased his total criminal history points; (5) the supervised release period, because the parties had agreed to a supervision period of 3 years; and (6) the PSR's recommended upward departure. Addendum to PSR. Henry's counsel supported these objections in his position on sentencing memorandum [Docket No. 40].

On May 31, 2012, the Court held a status conference during which Henry discussed his pro se motion to remove counsel. See Status Conf. Tr. [Docket No. 69] ("Status Tr."). Henry confirmed his desire to plead guilty to the charged offense, but disputed the manner in which his counsel had handled sentencing issues. Id. at 4-5. The Court stated that although it saw no errors in counsel's sentencing position, new counsel was appointed in light of the seriousness of

the penalties involved.  Id. at 8.

On August 1, 2012, Henry, along with his newly-appointed counsel, appeared for an evidentiary hearing and sentencing.  In response to Henry's objections to the PSR, the Government introduced several exhibits and elicited testimony from FBI Special Agent Janessa Boteler.  See generally Sentencing Tr. [Docket No. 70] 2-24.  The Court concluded that the PSR's recommended sentence of 168 to 210 months, based on the Government's evidence, was potentially warranted under the law.  However, in light of the sentencing factors stated by 18 U.S.C. § 3553(a), the Court found downward variance to 100 months appropriate.  Id. at 41.

On August 1, 2013, Henry filed the present motion under § 2255.

### III.  DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

**A. Waiver**

As an initial matter, Henry expressly waived his right to challenge any sentence less than 105 months under § 2255 as part of his plea agreement. Plea Agmt. ¶ 10. However, Henry now claims ineffective assistance of counsel. See Mot. at 8.[1] Because ineffective assistance of counsel may potentially prevent a knowing and voluntary waiver, each of Henry's § 2255 grounds is discussed below. See DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000).

**B. Ineffective Assistance of Counsel**

Henry's ineffective assistance of counsel claim appears to be based on two categories of conduct. First, Henry argues both his original counsel and replacement counsel did not properly advise him. Specifically, Henry states counsel did not "make [him] aware" of his appeal rights, they did not warn him he could receive 10 years of probation, and they generally "lured" him into taking the guilty plea. Second, Henry also alleges counsel failed to take appropriate actions on his behalf, including failing to subpoena F.P. and a detective investigating the case. Henry also argues counsel should have objected to the time frame of the criminal conduct stated in the PSR, and that his criminal history category should have been III, not IV, because a 1991 conviction was improperly counted against him.

These arguments are unpersuasive. An ineffective assistance of counsel claim faces a high burden, one that cannot be surmounted unless the defendant demonstrates the allegedly deficient performance caused him prejudice. See Johnson v. United States, 278 F.3d 839, 842-43 (8th Cir. 2002). In this case, Henry's own testimony contradicts his claims that counsel failed to properly advise him. When questioned by the Court, Henry repeatedly confirmed he had

---

[1] For ease of reference, cited pages are those numbered by the CM/ECF system.

committed the charged offense, and that he understood the plea bargain and accepted it knowingly and voluntarily. Plea Tr. 5-20. Henry also specifically stated he was not being coerced, and that he was satisfied with his counsel. Id. at 6, 10. He also understood that if his sentence was lower than 105 months, he would waive his right to appeal. Id. at 18, 19. Henry acknowledged that although the parties had agreed to an appropriate sentencing range and other matters, sentencing discretion rested with the Court. Id. at 15. Based on this record, Henry cannot establish prejudice from his counsel's alleged deficiencies, as Henry himself testified to understanding and voluntarily agreeing to the plea agreement.

Henry's allegations regarding counsel's failure to act on his behalf also fail due to a lack of prejudice. As the Government correctly notes, and as discussed in more detail below, all of the arguments Henry now raises were raised and considered before sentencing. Similarly, Henry cannot establish prejudice from counsel's decision not to subpoena F.P. or the investigating detective, as there is no dispute that Henry was unaware of F.P.'s true age at the time of the offense. Besides the issue of age, Henry does not indicate what material evidence either F.P. or an investigating officer would have regarding his case. In any event, Henry's counsel repeatedly argued Henry did not know F.P.'s status as a minor, and these arguments and the evidence of record were considered during sentencing. Henry's ultimate sentence, of 100 months, was below the range calculated by the Probation Office and within the range contemplated by his plea agreement. As a result, Henry has not demonstrated how any inaction by counsel caused him prejudice.

## C. Remaining Challenges

### 1. Sentence Enhancement

Henry argues his sentence should not have received a 2 level offense enhancement due to F.P.'s status as a minor. Throughout his case, Henry has maintained he did not know F.P. was underage when he induced her to commit prostitution.

U.S.S.G. § 2G1.3(b)(2) states:

> If (A) the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct; or (B) a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct, increase by 2 levels.

Henry received a 2 level enhancement under subsection B of the above guideline. The plain language of this subsection does not require the defendant to know the minor's age as a predicate for enhancement. Courts in related contexts have not required knowledge of a victim's age unless the law states such a requirement. See, e.g., United States v. Anderson, 509 F. App'x 868, 872 (11th Cir. 2013) (interpreting 18 U.S.C. § 2422(b)); cf. 18 U.S.C. § 1591 (addressing anyone who "knowingly," or with reckless disregard for the truth, coerces a minor to engage in a commercial sex act). Thus, assuming Henry truly did not know F.P. was a minor at the time of the offense, he would still be subject to the enhancement. And even if the 2 level enhancement was applied in error, it was a harmless error. If Henry had not received the enhancement, the sentencing range would have fallen to 135 to 168 months: still well above the downward variance Henry actually received. U.S.S.G., Ch. 5, Part A.

### 2. Statutory Interpretation of § 2422

Henry challenges the "validity and construction" of 18 U.S.C. § 2422, though the exact

nature of his argument is somewhat unclear. It appears Henry argues the majority of case law interpreting § 2422 relates to defendants who believed they were corresponding with minors via the internet. Henry argues he should have been charged under 18 U.S.C. § 2423 instead, which relates to the transportation of minors in connection with prostitution, because that statute more closely addresses his criminal conduct. He further argues § 2423 requires scienter as an element, where § 2422 does not.

Henry's claim in this regard must fail. "Prosecutors have broad discretion in making prosecutive decisions." United States v. Jacobs, 4 F.3d 603, 604 (8th Cir. 1993). This includes deciding what charges to bring, so long as the prosecutor has "probable cause to believe that the accused committed an offense defined by statute." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Section 2422, titled "Coercion and enticement," relates to the persuasion or coercion of minors into prostitution or other sexual activity, so long as the conduct involves either interstate travel (under subsection (a)) or the use of mail or interstate and foreign commerce (under subsection (b)). The evidence on record amply demonstrates probable cause existed to charge Henry under § 2422(a), regardless of whether another statute might also fit Henry's crime. As a result, Henry's challenge of § 2422(a), and the Government's decision to charge him under this statute, fails.

### 3. Excessive Probation

As discussed above, Henry objects to the imposition of a 10-year supervised release period, as he and the Government agreed a term of 2 to 3 years was appropriate in Henry's plea agreement. Henry argues 10 years is excessive because under U.S.S.G. § 5B1.2, probation of no more than 5 years is appropriate for offenses exceeding level 6.

Henry's argument misinterprets the law, as probation and supervised release are not interchangeable. The United States Sentencing Guidelines did not authorize <u>any</u> probation for Henry because his offense fell outside of the applicable zones of the sentencing table. U.S.S.G. § 5B1.1(a)(2), <u>see also</u> Application Note 2. Instead, federal law required a supervised release period of no less than 5 years, with a maximum supervision period of life, for Henry's offense. 18 U.S.C. § 3583(k).

In the parties' plea agreement, Henry specifically acknowledged the Court's discretion in determining his sentence. Henry testified he understood the Court had wide discretion to set the terms of his sentence, including for a length beyond that contemplated by the plea agreement. Plea Tr. 15, 18-19; <u>see also</u> Plea Agmt. ¶ 7. He also understood that his criminal history, and thus his sentencing range, were yet to be evaluated. Plea Tr. 13-14. After the Probation Office investigated Henry's criminal history, it recommended supervision of at least 5 years, with a maximum of life. Henry received ample notice of this calculation. He objected to the PSR and reiterated his position in his sentencing memorandum, but never attempted to withdraw his plea and maintained his desire to plead guilty. <u>See</u> <u>United States v. Hunt</u>, 515 F. App'x 630, 631 (8th Cir. 2013) (finding harmless error when defendant maintained desire to plead guilty at sentencing after learning he would be subject to a higher sentence). Nor does Henry now argue that but for the supervised release period, he would have pled not guilty. <u>See, e.g.</u>, <u>United States v. Garcia</u>, 604 F.3d 575, 577-79 (8th Cir. 2010) (holding failure to advise defendant of potential for longer supervised release period did not, under the circumstances, constitute plain error). As a result, any potential error under Rule 11 of the Federal Rules of Criminal Procedure, which governs plea agreements, did not alter Henry's substantive rights. <u>See</u> <u>United States v. Prado</u>,

204 F.3d 843, 846 (8th Cir. 2000) (holding failure to advise defendant of effect of violating supervised release would not have changed defendant's mind, and thus did not affect his substantial rights).

### 4. New Evidence

For his final argument, Henry contends there exists exculpatory evidence "that would have changed the dynamic of the case" had it come to light before he pled guilty. Specifically, Henry cites a "target letter" sent by the FBI to one of his former associates, in which the FBI informs the associate she is under investigation in connection with the transportation of minors for criminal sexual activity. Henry also cites an FBI email in which an agent notes that one of Henry's victims did not want any involvement with his case.

Neither of these documents warrant relief under § 2255. The target letter may indicate that a potential witness in Henry's case had herself become the subject of a criminal investigation, thus perhaps reducing her credibility or increasing the likelihood she would testify as part of an agreement with the Government. Such a letter does not amount to material evidence Henry had a right to receive before entering a plea. Similarly, the FBI's email regarding one of Henry's victims, and her desire to have nothing to do with the case, is immaterial. As a result, Henry's argument in this regard does not warrant any alteration to his sentence.

## D. Motion to Proceed In Forma Pauperis

Because Henry's Motion is denied, his motion to proceed in forma pauperis [Docket No. 66] will be denied as moot.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this § 2255 motion differently, or that any of the issues raised in Henry's petition would be debatable among reasonable jurists.  Therefore, the Court declines to grant a certificate of appealability.

Also, for the reasons stated above, an evidentiary hearing in this matter is not warranted, as the record and the parties' arguments definitively show Henry is not entitled to relief under § 2255.  28 U.S.C. § 2255; Engelen v. United States, 68 F.3d 228, 240 (8th Cir. 1995).

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Floyd Lee Henry, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 65] is **DENIED**.  A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 18, 2013.